UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMERSON FREEMAN,

        Plaintiff,

v.                                CASE NO. 11-11606
                                HONORABLE ARTHUR J. TARNOW

BERTHA LNU, LARRY CLAYTON,
and WASHTENAW COUNTY JAIL
HEALTH DEPARTMENT,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

      Plaintiff Emerson Freeman is a state prisoner at Gus Harrison Correctional Facility in Adrian, Michigan.  He has filed a *pro se* civil complaint alleging that, on July 18, 2008, the Ypsilanti Police Department arrested him and took him to the Washtenaw County Jail.  Plaintiff further alleges that he was given the wrong medication at the jail and went into an allergic shock, which required hospitalization.  Plaintiff claims that he has not fully recovered and that he is currently undergoing treatment to subdue the effects of the medication erroneously administered to him.

### II.  Standard of Review

      Plaintiff has been permitted to proceed with this case without prepaying the filing fee.  The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d

1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and only a complaint that states a plausible claim for relief will survive. *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949-50 (2009). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

A search of federal court records in this District reveals that Plaintiff sued the same defendants and raised the same issue in a prior complaint. The Honorable Thomas L. Ludington construed Plaintiff's complaint in that case to allege a violation of the Eighth Amendment. Judge Ludington determined that Plaintiff's statement of facts did not allege any conduct that could be construed as demonstrating deliberate indifference to Plaintiff's medical needs and even if the medication gave Plaintiff negative effects, such circumstances did not rise to the level of an Eighth Amendment violation. Judge Ludington summarily dismissed Plaintiff's prior complaint with prejudice on the ground that Plaintiff had failed to state a claim for which relief may be granted. *See Freeman v. Clayton, et al.*, No. 10-12805 (E.D. Mich. Aug. 2, 2010) (unpublished).

The complaint pending before this Court is barred by the doctrine of *res judicata*, which encompasses claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008).

> Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Issue preclusion, in contrast, bars

> "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id*., at 748-749, 121 S. Ct. 1808. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979).

*Id*., 553 U.S. at 892, 128 S. Ct. at 2171 (alterations in original).

Plaintiff is attempting to re-litigate the very same claim that he raised in his 2010 civil rights complaint. Thus, his complaint is barred by the doctrine of claim preclusion.

The issue is also barred by the doctrine of issue preclusion. For this doctrine to apply,

> "1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;
>
> 2) determination of the issue must have been necessary to the outcome of the prior proceeding;
>
> 3) the prior proceeding must have resulted in a final judgment on the merits; and
>
> 4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding."

*Bilali v. Gonzales*, 502 F.3d 470, 474 (6th Cir. 2007) (quoting *United States v. Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir. 2003) (quoting *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union, United Auto., Aerospace and Agric. Implement Workers, UAW*, 97 F.3d 155, 161 (6th Cir. 1996)).

All four factors are satisfied here. First, Plaintiff is raising the identical issue that he raised and actually litigated in his 2010 lawsuit. Second, a determination of the issue was necessary to the outcome of the 2010 lawsuit. Third, the 2010 lawsuit resulted in a final

judgment on the merits of Plaintiff's claim.  Fourth, Plaintiff had a full and fair opportunity to litigate his claim in the 2010 case.

### III.  Conclusion

Plaintiff's complaint fails to state a plausible claim for which relief may be granted, because it is barred by the doctrine of *res judicata*.  Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this decision would be frivolous and could not be taken in good faith.  Therefore, Plaintiff may not proceed *in forma pauperis* on appeal if he chooses to appeal this decision.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:  July 19, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 19, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary